# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### PINE BLUFF DIVISION

STEVEN EARL HILL, JR.                                               PLAINTIFF
ADC# 139009

v.                              5:12CV00329-DPM-JJV

MATTHEW PAUL WRIGHT, JR.
and SCOTT A. TAYLOR                                               DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States

District Judge D. P. Marshall Jr.   Any party may serve and file written

objections to this recommendation.  Objections should be specific and should

include the factual or legal basis for the objection.  If the objection is to a

factual finding, specifically identify that finding and the evidence that

supports your objection.  An original and one copy of your objections must

be received in the office of the United States District Court Clerk no later than

fourteen (14) days from the date of the findings and recommendations.  The

copy will be furnished to the opposing party.  Failure to file timely objections

may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit

new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.     Why the record made before the Magistrate Judge is inadequate.

2.     Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.     The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

Plaintiff, Steven Earl Hill, Jr., is an inmate in the Varner Supermax Unit of the Arkansas Department of Correction.  He commenced this action by filing a *pro se* Complaint (Doc. No. 2) pursuant to 42 U.S.C. § 1983.  In his

Complaint, he asserts that Lts. Wright and Taylor used excessive force against him during an April 16, 2012, incident.  (*Id.* at 5-8.)

Defendants filed a Motion for Summary Judgment, Brief in Support, and Statement of Facts (Doc. Nos. 47-49) and submitted a video recording of the April 16 incident (Doc. No. 50).  Plaintiff filed a Response, Brief in Support and Statement of Facts (Doc. Nos. 51-53).  After careful consideration of the Motion, Response, and video evidence, the Court finds no genuine issues of material fact exist for trial and Defendants are entitled to summary judgment as a matter of law.

## I.    BACKGROUND

Plaintiff's Complaint states that on April 16, 2012, Sgt. Taylor[1] gave him permission to remain in the shower area so he could speak with a Major about being moved out of "Isolation 4."  (Doc. No. 2 at 4-5.)  However, the Major never appeared.  (*Id.* at 5.)  Twenty minutes later, Sgt. Taylor returned with a video camera and Lt. Wright.  (*Id.*)  As they approached the shower, Sgt. Taylor began filming and Lt. Wright gave Plaintiff a direct order to submit to restraints.  (*Id.*)  Plaintiff told the officers he first needed to remove some magazines from his pant leg.  (*Id.*)  After removing the magazines, he states

---

[1]Now a Lieutenant.

that he turned and placed his hands behind his back in an attempt to submit. (Doc. No. 2 at 5.)  But as he turned, Lt. Wright sprayed him with MK-9 pepper spray.  (*Id.* at 6.)  He asserts that at no time did he pose a threat and the use of the pepper spray was unnecessary.  (*Id.* at 11.)

Plaintiff says as the officer placed him in hand restraints and opened the shower door to extract him from the shower, a severe burning sensation caused him to become agitated.  (Doc. No. 2 at 8.)  As a result, he made a sudden movement and Defendants immediately took him down to the floor. (*Id.*)  Sgt. Taylor, who at some point handed the video camera to another officer, assisted in the take-down.  (*Id.*) Plaintiff states that during the take-down, Sgt. Taylor smashed his head into the floor and applied unnecessary pressure to the back of his head which resulted in a head wound.  (*Id.*)  He asserts that there was no reason for Sgt. Taylor's application of pressure to his head.  (Doc. No. 2 at 9.)

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled

to a judgment as a matter of law.  FED. R. CIV. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the Court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.  ANALYSIS

### A.    Exhaustion of Administrative Remedies

The Prison Litigation Reform Act (PLRA) requires an inmate to exhaust

prison grievance procedures before filing suit in federal court.  *See* 42 U.S.C. §1997e(a); *Jones v. Bock*, 549 U.S. 199, 202 (2007); *Jones v. Norris*, 310 F.3d 610, 612 (8th Cir. 2002).  Exhaustion under the PLRA is mandatory.  *Jones*, 549 U.S. at 211.  The PLRA's exhuastion requirement applies to all inmate suits about prison life whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong."  *Porter v. Nussle*, 534 U.S. 516, 532 (2002).  "[T]o properly exhaust administrative remedies, prisoners must 'complete the administrative review process in accordance with the applicable procedural rules,' rules that are defined not by the PLRA, but by the prison grievance process itself."  *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)).  Compliance with a prison's grievance procedures is, therefore, all that is required by the PLRA to properly exhaust.  *Id.*

Defendants believe Sgt. Taylor is entitled to summary judgment because Plaintiff failed to exhaust his administrative remedies.  (Doc. No. 49 at 5-7.)  In his Brief in Support, Plaintiff states, "I willingly agree that I failed to exhaust the available administrative remedies as to any claim of Taylor using excessive force against me, and as such, I agree to dismiss Taylor from this action."  (Doc. No. 52 at 5.)  In light of Plaintiff's response, his claims against

Sgt. Taylor should be DISMISSED.[2]

## B.   Sovereign Immunity

Defendants argue that Plaintiff's official capacity claims against them for money damages must be dismissed.   However, the Court already dismissed those claims on October 3, 2012.  (Doc. No. 15.)

## C.   Qualified Immunity

Lt. Wright argues that he is entitled to qualified immunity for Plaintiff's Eighth Amendment excessive force claim.   Qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established

---

[2]Even if Plaintiff had not conceded this point, Defendants have submitted Administrative Directive 10-32, the ADC inmate grievance procedure.  (*See* Doc. No. 49-2.)  Inmates are required to fully exhaust their administrative remedies in accordance with ADC grievance procedures prior to filing a civil lawsuit.  (Doc. No. 49-2 at 18.)  Thus, the inmate must, among other things, comply with ADC's requirement to "be specific as to the substance of the issue and include date, place, personnel involved or witnesses."  (*Id.* at 5.)  This requirement is also on ADC inmate grievance forms.  (*Id.* at 19.)  Following this incident, Plaintiff filed grievance VSM-12-1568 (Doc. No. 2 at 20-31; Doc. No. 52 at 16-19), wherein he only asserts that Lt. Wright "maliciously and sadistically" used MK-9 pepper spray against him.  (Doc. No. 2 at 20; Doc. No. 52 at 16.)  The only reference to Sgt. Taylor is in Plaintiff's Appeal of the Warden's decision, where Plaintiff states that Sgt. Taylor operated the video camera during the incident with Lt. Wright. (Doc. No. 2 at 21-22; Doc. No. 52 at 17-18.)  Furthermore, a review of Plaintiff's grievance history failed to reveal any complaints about Sgt. Taylor using force against him.  (Doc. No. 49-3 at 6.)

statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not a question of fact. *McClendon v. Story Cnty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005). Thus, issues concerning qualified immunity are appropriately resolved on summary judgment. *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "*an immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

To determine whether defendants are entitled to qualified immunity, the courts generally consider two questions: (1) whether the facts alleged or shown, construed in the light most favorable to the plaintiff, establish a violation of a constitutional or statutory right; and (2) whether that right was so clearly established that a reasonable official would have known that his or her actions were unlawful. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *see also Saucier v. Katz*, 533 U.S. 194, 201 (2001).[3] "Qualified immunity is appropriate only if no reasonable fact-finder could answer yes to both of these

---

[3]Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Nelson*, 583 F.3d at 528 (quoting *Pearson*, 555 U.S. at 236).

questions." *Nelson v. Corr. Med. Services*, 583 F.3d 522, 528 (8th Cir. 2009).

The United States Supreme Court precedent establishes:

> [T]he right the official is alleged to have violated must have been 'clearly established' in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. This is not to say that an official action is protected by qualified immunity unless the very action in question has previously been held unlawful, but it is to say that in the light of pre-existing law the unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987).

For the following reasons, the Court finds that Lt. Wright did not violate Plaintiff's Eighth Amendment rights and he is, therefore, entitled to qualified immunity.

## D.    Eighth Amendment

The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers. *Johnson v. Hamilton*, 452 F.3d 967, 972 (8th Cir. 2006). The United States Court of Appeals for the Eighth Circuit explained the principles governing prisoner claims of excessive force in *Treats v. Morgan*, 308 F.3d 868, 872 (8th Cir. 2002), as follows:

> The Eighth Amendment protects inmates from the unnecessary and wanton infliction of pain by correctional officers, *Whitley v. Albers*, 475 U.S. 312, 319 (1986), regardless of whether an inmate suffers serious injury as a result. *Hudson v. McMillian*, 503 U.S. 1,

9 (1992). Officers are permitted to use force reasonably "in a good-faith effort to maintain or restore discipline," but force is not to be used "maliciously and sadistically to cause harm." *Id.* at 7. ... Factors to be considered in deciding whether a particular use of force was reasonable are whether there was an objective need for force, the relationship between any such need and the amount of force used, the threat reasonably perceived by the correctional officers, any efforts by the officers to temper the severity of their forceful response, and the extent of the inmate's injury. *Id. See also Hickey v. Reeder*, 12 F.3d 754, 758 (8th Cir. 1993).  *Accord Fillmore v. Page,* 358 F.3d 496, 503-10 (7th Cir. 2004).

*Id.*

The infliction of pain in the course of a prison security measure is not cruel and unusual punishment "simply because it may appear in retrospect that the degree of force authorized or applied for security purposes was unreasonable, and hence unnecessary in the strict sense." *Whitley v. Albers,* 475 U.S. 312, 319 (1986).  "Unless it appears that the evidence, viewed in the light most favorable to the plaintiff, will support a reliable inference of wantonness in the infliction of pain . . . the case should not go to the jury." *Johnson v. Bi-State Justice Center/Arkansas Dept. of Corrections*, 12 F.3d 133, 136 (8th Cir. 1993) (citing *Whitley*, 475 U.S. at 322).

The amount of force reasonably necessary to subdue prisoners is not the same for all prisoners.  "We are not prepared to say that preemptive force cannot be resorted to in the case of prisoners whom corrections officers

reasonably believe to be unusually violent. The question of excessiveness of force, in other words, cannot be assessed in a vacuum; it will vary from circumstance to circumstance. Officers are certainly not required in all cases to wait until they are attacked before they resort to force. Such a rule would expose them to an unnecessary and unreasonable risk of harm." *McCrary-El v. Shaw* , 992 F.2d 809, 812 (8th Cir. 1993).

Defendants submitted a video of the April 16 incident (Doc. No. 50) and Plaintiff does not dispute its accuracy. Lt. Wright asserts that his use of pepper spray and physical force was justified under the circumstances and applied in a good faith manner to maintain and restore discipline. (Doc. No. 49 at 4.) Plaintiff counters that Lt. Wright's use of the pepper spray[4] was unnecessary because he was not resisting. (Doc. No. 52 at 2.) Regardless, when an uncontested videotape is submitted in support of a motion for

---

[4]Whether a constitutional violation occurs as a result of an officer's use of pepper spray will turn on the circumstances of the individual case or the particular prison setting. *Johnson v. Blaukat*, 453 F.3d 1108, 1113 (8th Cir. 2006) (quotations omitted). Administrative Directive 09-17, the ADC's policy on use of force, authorizes the use of non-deadly force when necessary to restrain, maintain, or regain control of an inmate. (Doc. No. 52 at 47.) Non-deadly force may also be used to protect individuals, to protect property, or to compel compliance with orders. (*Id.* at 48.) Non-deadly force includes the use of chemical agents. (*Id.*) If the circumstances allow, the officer must first warn the inmate prior to deploying the chemical agent. (*Id.*)

summary judgment, the court is to view the facts in the light depicted by the videotape. *Scott v. Harris*, 550 U.S. 372, 380-81 (2007).

After reviewing the video, the Court finds this is exactly the type of violent scenario that entitles Lt. Wright deference in his decision-making. *See Whitley v. Albers,* 475 U.S. 312 (1986).  It is worth noting that these events occurred at the Supermax unit of the Arkansas Department of Correction. And Lt. Wright submitted Plaintiff's disciplinary history showing that prior to this incident, he had received nine major disciplinary convictions for assault, attempted assault or threat upon staff, aggravated battery on staff, battery use of force on staff, and battery upon staff resulting in injury.  (Doc. No. 49-4 at 1-7.)

The video shows Plaintiff refused to turn around and "catch the cuffs" as ordered.  He instead resisted Lt. Wright's instructions which led to the pepper spray being deployed.  Plaintiff also had contraband magazines in his possession.  Further, after the spraying, Lt. Wright requested a nurse and took the steps necessary for Plaintiff to quickly shower off the spray.  And because the shower water was hot, Lt. Wright gave Plaintiff a cold water hose to decontaminate.

While Plaintiff was decontaminating, Lt. Wright went to assist officers

with another inmate who became violent over the fact that Plaintiff was preventing him from getting his shower.  Officers then became entangled in a lengthy and violent struggle with the other inmate.  During that struggle, Plaintiff took the water hose and sprayed the officers.  Of note is the fact that Lt. Wright was continuously coughing from the pepper spray he had deployed against Plaintiff.

Officers finally subdued the other inmate and Lt. Wright and the officers returned to remove Plaintiff from the shower.  Officers were clearly fatigued. Lt. Wright directed Plaintiff to submit and said, "*Please* do not act inappropriately."  Plaintiff immediately began resisting the officers.  He continued to resist and curse and verbally threaten officers until he was forcibly placed in his cell.  Even then, with the cuffs removed, Plaintiff made threatening movements toward the officers as they left the cell.

The video evidence wholly contradicts Plaintiff's version of events and conclusively shows that Lt. Wright did not violate Plaintiff's constitutional rights.  Accordingly, the Court finds that there are no genuine issues for trial. Plaintiff has an extensive history of violence towards staff and he failed to comply with orders to submit.  Lt. Wright's use of pepper spray was not unreasonable under the circumstances.  He is, therefore, entitled to summary

judgment as a matter of law and Plaintiff's excessive force claim against him should be dismissed.

## IV.   CONCLUSION

1.     Defendants' Motion for Summary Judgment (Doc. No. 49) should be GRANTED.

2.     This cause of action should be DISMISSED with prejudice.

3.     The Court should certify pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this <u>6th</u> day of September, 2013.

_____
JOE J.  VOLPE
UNITED STATES MAGISTRATE JUDGE